UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RENE' TAYLOR,**

 **Plaintiff,**

v.                Case No. 8:11-CV-2137-EAK-TBM

**R.B. "CHIPS" SHORE,**
**Clerk of the Circuit Court,**
**Manatee County, Florida,**

 **Defendant.**

_____/

## ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 1 | Complaint |
| Dkt. 6 | Defendant's Motion to Dismiss |
| Dkt. 7 | Response to Motion to Dismiss |

Plaintiff's Complaint contains the following claims:

| | |
|---|---|
| Count I | Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 |
| Count II | Violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01–760.11. |

## BACKGROUND

Plaintiff, Rene' Taylor, filed the instant lawsuit on September 21, 2011. (Dkt. 1). Taylor, an African American woman, had worked as a recording clerk for Defendant

Case No. 8:11-CV-2137-EAK-TBM

Shore, Clerk of the Circuit Court of Manatee County, over twelve years prior to her termination on February 27, 2009. (Dkt. 1, at ¶¶ 1–4). On that date, Taylor alleges she was summarily discharged "for an offense which was and had not been considered to have been a serious charge." (Dkt. 1, at ¶ 6). She claims that "her treatment was different from other, non-African American employees, who had committed similar or worse violations than she had allegedly committed." (Dkt. 1, at ¶ 6); see Dkt. 1, at ¶ 13 ("[Defendant] Shore and his office have treated Ms. Taylor differently from other employees on account of her race, Af[r]ican American."). Thus, according to Taylor, her employment was terminated as the result of racial discrimination, in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 (2006) and the Florida Civil Rights Act, Fla. Stat. §§ 760.01–760.11 (2012).

Following her dismissal, Taylor submitted a Charge of Discrimination to the Equal Employment Opportunity Commission (EEOC). (Dkt. 1, at ¶ 5). The EEOC investigated Taylor's claim, and on February 25, 2011 issued a "Letter of Determination," which provided, in pertinent part:

> The evidence obtained during the investigation supports that [Taylor] was discriminated against in violation of Title VII of the Civil Rights Act when she was discharged from her position of twelve years for allegedly not following policies/procedures in assisting a client even though[] the unwritten policy/procedure was not followed by non-Black employees.
>
> Examination of the evidence in the file indicates that the unwritten policies/procedures were only enforced and implemented toward a member of the protected class when new management started [o]n December 15, 2008.

2

Case No. 8:11-CV-2137-EAK-TBM

> I have determined that the evidence obtained during the investigation establishes there is reasonable cause to believe that violations of Title VI of the Civil Rights Act of 1964, as amended, have occurred.

(Dkt. 1, Ex. B). The EEOC then referred the matter to the United States Department of Justice, which issued a Right to Sue letter on June 16, 2011. (Dkt. 1, Ex. D). The instant litigation followed.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 8(a)(2) requires that a plaintiff's complaint lay out "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). That said, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S 544, 555 (2007) (internal quotation marks and citation omitted).

Therefore, "to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly,* 550 U.S. at 570). In considering a motion to dismiss, courts follow a simple, two-pronged approach: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations,

3

Case No. 8:11-CV-2137-EAK-TBM

'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). In sum, the "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

In his Motion to Dismiss, Shore contends that Taylor fails to state a claim because her complaint consists of merely legal conclusions and is, at least according to Shore, utterly devoid of factual assertions. "To make out a *prima facie* case of racial discrimination a plaintiff must show (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

Here, it is undisputed that Plaintiff belongs to a protected class—she is African American. Given that Plaintiff worked for the clerk's office for twelve years and was not discharged for any deficiency in her competence, the Court fairly infers Plaintiff was qualified to do the job. And being terminated from one's employment is perhaps the quintessential "adverse employment action," so Plaintiff has slaked factor number three, as well.

With regard to the fourth factor, which requires that Plaintiff show her employer treated others outside her class more favorably than she was treated, Shore correctly

4

Case No. 8:11-CV-2137-EAK-TBM

points out that a more artfully pleaded complaint would have included the specific comparators who were treated differently from Plaintiff by Shore and the clerk's office. But insofar as Shore argues that Plaintiff's complaint must be dismissed for failure to include a sufficient factual basis to comply with *Iqbal* and *Twombly*, the Court cannot agree. Though Plaintiff's Complaint, standing alone, may not have been sufficient to state a claim, the complaint in this case does not stand alone. Indeed, "[e]xhibits attached to a Complaint are properly considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." Jordan v. Miami-Dade County, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) (citing *Solis-Ramirez v. United States Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir.1985)); *see* Fed. R. Civ. P. 10(c).

And here, Plaintiff's Complaint includes as exhibits her Charge of Discrimination to the EEOC, in which she briefly lays out the facts underlying her discharge, (Dkt. 1, Ex. A), the EEOC's Letter of Determination, in which it sets forth the factual backdrop of the case and notes its finding that "there is reasonable cause to believe that violations of Title VII" have occurred, (Dkt. 1, Ex. B), the EEOC letter indicating it has been unable to conciliate the matter, (Dkt. 1, Ex. C), and United State's Department of Justice's Right to Sue letter, (Dkt. 1, Ex. D). The Charge of Discrimination notes that Plaintiff's dismissal stems from her failure to record certain data that a client requested be recorded on February 27, 2009. (Dkt. 1, Ex. A). The EEOC Letter of Determination further notes that "[t]he evidence obtained during the investigation supports that [Taylor] was discriminated against . . . when she was discharged for allegedly not following

Case No. 8:11-CV-2137-EAK-TBM

policies/procedures in assisting a client even though the unwritten policy/procedure was not followed by non-Black employees." (Dkt. 1, Ex. B). This and other materials included in Plaintiff's Complaint provide the factual predicate necessary to state a claim for violation of Title VI of the Civil Rights Act of 1964 and the Florida Civil Rights Act. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 6) be **DENIED**. Defendant shall have ten (10) days to answer the complaint.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 30th day of July, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record